# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAUMAL D. PUGH,

    *Plaintiff*,

vs.

D.W. NEVEN, *et al.*,

    *Defendants*.

2:10-cv-00248-RLH-RJJ

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the Court on plaintiff's initial application (#1) to proceed *in forma pauperis* and for initial review of the complaint under 28 U.S.C. § 1915A. The Court finds that plaintiff demonstrated in the initial application (#1) that he was unable to pay a significant initial partial filing fee. The application therefore will be granted subject to the remaining provisions herein.[1] The Court accordingly turns to initial review.

### *Governing Law*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[1] Regardless of deficiencies in later pauper applications filed herein, the original application suffices for relief and has not been ruled on previously.

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

### *Discussion*

In the complaint, plaintiff Jaumal Pugh seeks to recover damages from, in both their official and individual capacity, High Desert State Prison ("High Desert") Warden D. W. Neven,

Associate Warden Isidro Baca, Floor Officer T. Gregory, Floor Officer Eric Johnston, and Disciplinary and Hearing Officer Conrad Schaff. Petitioner alleges that he was convicted of an October 11, 2009, disciplinary violation for property damage for a broken window. He alleges that he had glass in his back and feet and cut marks on his back but received no medical attention. He alleges that he was written up for the violation by defendant Johnston without proper investigation and that defendant Schaff ordered that he pay $11,153.00 and do "whole time" as a result of the disciplinary conviction. Pugh alleges that he thus was subjected to cruel and unusual punishment in violation of the Eighth Amendment and deprived of procedural due process and equal protection of the laws.

The factually sparse allegations of the complaint fail to state a claim upon which relief may be granted.

The complaint fails to state a claim for relief under the Eighth Amendment with regard to the disciplinary conviction. An allegation only that petitioner was subjected to an unspecified amount of disciplinary segregation, or "whole time," does not present a viable Eighth Amendment claim based upon being subjected to cruel and unusual punishment. Being placed in disciplinary, administrative or protective segregation is part of the ordinary incidents of prison life. *Cf. Sandin v. Conner*, 515 U.S. 472, 485-86, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995)(placement in disciplinary segregation did not present the type of atypical, significant deprivation that would create a liberty interest on a procedural due process claim). Plaintiff does not assert any other actual factual allegations that would tend to state a claim under any other clause of the Eighth Amendment. Merely alleging that he was subjected to a sizable restitution order, without more, fails to state a claim under any clause of the Eighth Amendment. Under *Iqbal*, the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct by the defendants.

The complaint further fails to state a claim for relief under the Eighth Amendment with regard to a denial of medical care. In order to state a claim for relief under the Eighth Amendment for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive

-3-

risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989). None of the sparse and conclusory factual allegations in the complaint allege facts supporting such inferences as to any of the named defendants. Merely alleging that plaintiff was "denied medical care" for a condition or injury fails to state a claim under the Eighth Amendment as to any specific defendant.

The complaint fails to state a claim for relief for a deprivation of procedural due process. While the actual factual allegations presented would not suffice to allege the deprivation of a liberty interest under *Sandin, supra*, the allegation that plaintiff was ordered to pay $11,153.00 would allege the deprivation of a property interest. However, a conclusory allegation only that plaintiff was charged "without a proper investigation" fails to state a viable claim for a denial of procedural due process. Plaintiff, again, must present well-pleaded facts that permit the court to infer more than the mere possibility of misconduct by the defendants.

Nor does the complaint state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment. Not every dissimilar treatment of individuals by state officials gives rise to an equal protection violation, and no conceivably plausible equal protection claim arises in this context.

In short, the sparse and conclusory allegations of the complaint fail to state a claim for relief under the Eighth Amendment, for a denial of procedural due process, or for a denial of equal protection of the laws.

////

Moreover, even if the complaint otherwise had stated a claim, the complaint, which seeks

only monetary relief, fails to state a claim against any defendant in his official capacity. First, claims for monetary damages against state officers in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor*, 880 F.2d at 1045; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

Further, even if the complaint otherwise had stated a claim, the complaint clearly fails to state a claim against defendants Neven, Baca, and Gregory in their individual capacity. The complaint lists Neven, Baca and Gregory as defendants but contains no actual factual allegations tending to establish a basis for liability against them. There is no *respondeat superior* liability under § 1983. That is, an allegation merely of inadequate supervision is insufficient to establish supervisory liability. A state officer may be held liable in his individual capacity only if he was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). The complaint contains no factual allegations that would provide a basis for liability by these defendants in their individual capacity.

The Court therefore will dismiss the complaint with leave to amend to correct the deficiencies in the original complaint if possible.

If plaintiff files an amended complaint, he further should note the following.

First, plaintiff must allege the specific factual allegations supporting each count in the count itself. In the portion of the complaint for describing the "nature of the case," plaintiff only should briefly summarize, in the space provided, the most basic allegations of the case -- such as, for example, that he was convicted of a disciplinary violation without procedural due process and that prison officials were deliberately indifferent to a serious medical need. The specific facts supporting each count, again, should be alleged in the count itself.

Second, plaintiff may allege only one constitutional violation per count. Thus, a claim that plaintiff was convicted of a disciplinary violation in violation of procedural de process must be

stated in one count and a claim of deliberate indifference to a serious medical must be stated in a separate count.

IT THEREFORE IS ORDERED that the application (#1) to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if the action is dismissed, Plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. **The Clerk of Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

IT FURTHER IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint, if possible.

IT FURTHER IS ORDERED that, on any amended complaint filed, plaintiff shall clearly title the pleading as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:10-cv-00248-RLH-RJJ**, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

The Clerk shall provide plaintiff with a copy of the original complaint that he submitted

together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered without further advance notice. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED: July 18, 2011.

_____
ROGER L. HUNT
United States District Judge